## CHADELOID CHEMICAL CO. v. DAXE VARNISH CO. et al.

(Circuit Court, E. D. New York. August 2, 1910.)

PATENTS (§ 328*)—INFRINGEMENT.

A preliminary injunction granted against infringement of the Ellis patent, No. 714,880, for paint remover.

In Equity. Suit by the Chadeloid Chemical Company against the Daxe Varnish Company and Mayer Daxe, alias Mayer Goldstein. On motion for preliminary injunction. Motion granted.

Duncan & Duncan (Harry L. Duncan, of counsel), for complainant. Herman R. Elias, for defendants.

CHATFIELD, District Judge. I see no reason why an injunction should not issue. The Ellis patent has been frequently adjudicated valid in terms broad enough to cover the defendants' composition and process. Infringement seems to be clear, and the only defenses are prior use (which is not satisfactorily shown) and a slightly different composition procured by the use of petroleum jelly and kerosene.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

These latter ingredients are within the general terms of the Ellis claims as previously held valid, and also within the specified materials of the Ellis patent. The Daxe patent, No. 948,814, of February 8, 1910, seems to have been granted for the particular formula used with petroleum jelly and kerosene in exact quantities or proportions. The kerosene is claimed to be an additional or new element over the Ellis formula, but is in such slight proportion and so plainly indicated in the composition of the Ellis patent as to make no new product, but merely an equivalent variation of the complainant's preparation.

The injunction pendente lite may be issued.